```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

```
DEMARCUS J. JONES,              :
                                :
       Plaintiff,               :
                                :
vs.                             :
                                :   CIVIL ACTION 09-00144-WS-B
                                :
WALTER MYERS, et al.,           :
                                :
       Defendants.              :
```

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed the instant action alleging violations under 42 U.S.C. § 1983 (Doc. 1). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court due to Plaintiff's failure to prosecute and to obey the Court's Order.

Plaintiff filed this Section 1983 action while incarcerated at Fountain Correctional Facility. (Doc. 1). After a review of Plaintiff's motion to proceed without prepayment of fees (Doc. 2), the Court, on April 24, 2009, issued an Order (Doc. 3) directing Plaintiff to re-file his motion on the form required by this Court for a motion to proceed without prepayment of fees or in lieu thereof, pay the required $350.00 filing fee by May 26, 2009. Plaintiff was expressly cautioned that the failure to notify the Court of a change in his address would result in the dismissal of

this action for failure to prosecute and failure to obey the Court's Order.

The April 24, 2009 Order was sent to Plaintiff at Fountain 3800, Atmore, Alabama 36503, which is the last address provided by Plaintiff. However, on May 1, 2009, Plaintiff's copy of the Court's Order was returned to the Court with the notation "No Longer Incarcerated/No Longer At This Institution." (Doc. 4).  As a result, on May 8, 2009, the Court contacted the Alabama Department of Corrections and discovered that Plaintiff was transferred to an institution in Texas and left no forwarding address. Notwithstanding the Court's Order directing Plaintiff to keep the Court apprised of his address, a review of the docket reflects that Plaintiff has failed to take any steps to update his address with the Court.  As a result, the Court assumes that Plaintiff has abandoned this action.

Due to Plaintiff's failure to prosecute this action and keep the Court apprised of his current address, and the fact that the Court has no way in which to contact Plaintiff, the undersigned, upon consideration of the alternatives that are available, recommends that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no lesser sanction will suffice. Link v. Wabash R.R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an

action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Blunt v. U. S. Tobacco Co., 856 F.2d 192 (6th Cir. 1988) (unpublished); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993) (the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U. S. 683, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **1st** day of **June, 2009**.

                                      /S/ SONJA F. BIVINS
                              **UNITED STATES MAGISTRATE JUDGE**